# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FARO TECHNOLOGIES, INC.,**

        **Plaintiff,**

-vs-                                  **Case No.  6:05-cv-1702-Orl-31JGG**

**CIMCORE CORPORATION and ROMER, INC.,**

        **Defendants.**

_____/

# ORDER

This matter comes before the Court on the Plaintiff's Motion to Strike Defendants' Inequitable Conduct Affirmative Defense Pursuant to Fed.R.Civ.P. 12(f) and to Dismiss Defendants' Inequitable Conduct Counterclaim Pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 76) and accompanying memorandum of law (Doc. 77), as well as the response (Doc. 96) to that motion filed by the Defendants, Cimcore Corporation and Romer, Inc.  In addition, the Plaintiff, Faro Technologies, Inc. ("Faro") has filed a motion (Doc. 97) for leave to file a reply to the Defendants' response, which the Defendants oppose (Doc. 99).

In their First Amended Answer (Doc. 73), the Defendants included an affirmative defense and a counterclaim based on Faro's alleged failure to disclose two relevant foreign patents during prosecution of the patent at issue in this case.  Faro contends that the affirmative defense and counterclaim are "legally insufficient and fail to state a claim upon which relief can be granted" because Faro disclosed a separate patent that contained the information found in the two foreign patents.  (Doc. 76 at 2).  Faro also contends that the Defendants have failed to plead inequitable

conduct with the particularity required by Fed.R.Civ.P. 9(b).  (Doc. 77 at 2).  Specifically, Faro

argues that the Defendants have not explained why the foreign patents are more material than the

patent which was disclosed and "how the inventors could intend to deceive the PTO" by disclosing

the one patent that allegedly contained the pertinent information rather than the two foreign

patents.  (Doc. 77 at 13-14).

Faro's motion addresses the merits of this dispute and relies on information not contained

in the pleadings.  It is therefore not appropriately addressed at this stage of the proceedings.

Further, Faro's Rule 9(b) arguments are simply a recasting of its merits argument rather than a

proper argument as to the level of specificity in the Defendants' counterclaim and affirmative

defense.  In consideration of the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion to Strike Defendants' Inequitable Conduct Affirmative

Defense Pursuant to Fed.R.Civ.P. 12(f) and to Dismiss Defendants' Inequitable Conduct

Counterclaim Pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 76) is **DENIED**.  And it is further

**ORDERED** that Plaintiff's Motion for Leave to File a Reply (Doc. 97) is **DENIED AS**

**MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 18, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

-2-